**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| TIM SILVESTRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| F&M CAPITAL LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, TIM SILVESTRI ("Plaintiff"), through Plaintiff's attorney, Kristin K. Gamble, Esq., alleges the following against Defendant, F&M CAPITAL LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in Council Bluffs, Pottawattamie County, Iowa.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Iowa.

11. Defendant is a collection agency located in Orchard Park, New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around November 2019, Defendant began placing collection calls to Plaintiff on

Plaintiff's telephone at xxx-xxx-0322, in an attempt to collect the alleged debt.

21. In or around November 2019, Plaintiff answered Defendant's collection call and spoke with one of Defendant's male collectors.

22. During the conversation, Defendant's male collector falsely represented that he is an attorney.

23. During the conversation, Defendant's male collector threatened to garnish Plaintiff's wages.

24. During the conversation, Defendant's male collector threatened to file a lawsuit against Plaintiff.

25. In or around November 2019, Defendant began placing calls to Plaintiff's mother, April Silvestri, on her telephone at xxx-xxx-8641, in an attempt to collect the alleged debt.

26. In or around November 2019, one of Defendant's collectors called Plaintiff's mother's telephone and spoke with Plaintiff's mother.

27. During the conversation, Defendant's collector disclosed Plaintiff's alleged debt to Plaintiff's mother.

28. Plaintiff's mother is not a co-signer on Plaintiff's alleged debt and does not now owe Plaintiff's debt.

29. Defendant's collector was working within the scope of his or her employment when communicating with Plaintiff's mother.

30. Defendant's collector is or should be familiar with the FDCPA.

31. Defendant's collector knows or should know that the FDCPA prohibits a debt collector from stating that the consumer owes a debt when communicating with any person other than the consumer.

32. To date, Defendant has not taken legal action against Plaintiff.

33. To date, Defendant does not have judgment entered against Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

34. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Defendant's collector disclosed to Plaintiff's mother that Plaintiff allegedly owes a debt;

    b. Defendant violated § 1692c(b) of the FDCPA by communicating with third parties in connection with the collection of any debt, with none of the exceptions of this subsection being applicable, when Defendant's collector disclosed to Plaintiff's mother that Plaintiff allegedly owes a debt;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e:

        1. Defendant violated § 1692e(3) of the FDCPA by falsely representing that any individual is an attorney or that any communication is from an attorney, when Defendant's male collector falsely represented he was an attorney while communicating with Plaintiff;

        2. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages unless

such action is lawful and the debt collector or creditor intends to take such action, when Defendant's male collector threatened to garnish Plaintiff's wages when such action was not lawful because judgment was not entered against Plaintiff and when Defendant did not intend to take legal action against Plaintiff;

3. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendant's male collector threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

4. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's male collector falsely represented he was an attorney and, simultaneously, threatened to take various legal action against Plaintiff; and

d. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TIM SILVESTRI, respectfully requests judgment be entered against Defendant, F&M CAPITAL LLC, for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

39. Any other relief that this Honorable Court deems appropriate.

                            RESPECTFULLY SUBMITTED,

March 13, 2020                By: /s/ Kristin K. Gamble
                                        Kristin K. Gamble, Esq.
                                        3805 Brentwood Drive
                                        Des Moines, IA 50312
                                        Tel: 515-724-2476
                                        kkgamble177@gmail.com
                                        Attorney for Plaintiff